UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VASILIS SIDERATOS,

      Plaintiff/Petitioner,

v.                                  Case No. 8:26-cv-852-JLB-NHA

STATE OF FLORIDA

      Defendant/Respondent.

                                  /

## <u>ORDER</u>

Mr. Sideratos, a Florida pretrial detainee at the Hillsborough County Jail, filed a "Petition for Habeas Corpus and Mandamus" (petition).  (Doc. 1). After reviewing the petition, the Court concludes it must be dismissed without prejudice.

In his petition, Mr. Sideratos challenges both the fact of his detainment and the conditions of his confinement.  (*Id.*).  Mr. Sideratos must raise his challenge to the conditions of his confinement in a civil rights action under 42 U.S.C. § 1983.  And he must challenge the fact of his detainment in a habeas corpus petition in a separate action.  *See Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) (per curiam) (holding that a "§ 2241 petition [for a writ of habeas corpus] is not the appropriate vehicle" for raising a claim that challenges the conditions of confinement rather than "the fact or duration of

1

that confinement"); *Kerlin v. Barnard*, 742 F. App'x 488, 489 (11th Cir. 2018) ("[T]he district court should dismiss a habeas petition raising a claim available under § 1983." (citing *McNabb v. Comm'r Ala. Dept. of Corr.*, 727 F.3d 1334, 1344 (11th Cir. 2013))); *Hamilton v. Bird*, 650 F. App'x 585, 588 (10th Cir. 2016) ("Ms. Hamilton may not pursue civil rights and habeas claims in the same action[.]").

Accordingly:

1. The petition/complaint (Doc. 1) is **DISMISSED** without prejudice. If Mr. Sideratos wants to pursue both a habeas corpus claim and a civil rights violation claim under 42 U.S.C. § 1983, he must file separate actions for the different types of claims and either pay the filing fees for each or move to proceed *in forma pauperis* in each case.

2. The Clerk is directed to: 1) send, along with a copy of this Order, these forms to Mr. Sideratos: (a) Complaint for Violation of Civil Rights (Prisoner); (b) Affidavit of Indigency (2 copies); and (c) Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241; and 2) **close this case.**

DONE and ORDERED in Tampa, Florida, on April 1, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

2