## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

VASILIS SIDERATOS,

     Plaintiff/Petitioner,

v.                                                    Case No. 8:26-cv-852-JLB-NHA

STATE OF FLORIDA,

     Defendant/Respondent.

_____/

## REPORT AND RECOMMENDATIONS

I respectfully recommend that the Court deny Petitioner's pending motions (Docs. 4, 5, and 6), because this Court is not the proper court to adjudicate his claims at this time.

Petitioner, proceeding without a lawyer, objects to the District Court's order dismissing his case. Construing Petitioner's initial filing—which challenged his pretrial detention in state court—as both a petition for habeas corpus and a civil rights complaint, the District Court explained that Petitioner could not bring both claims in a single action. Doc. 3. Petitioner now asks the Court to reconsider that Order and to set aside the order, reopen the case, and allow him to proceed without paying the filing fee. *See* Doc. 4 (Motion to Set Aside Judgment); Doc. 5 (Notice/Motion to Reopen Case); Doc. 5 (Motion to

Proceed In Forma Pauperis). He explains that he did not intend to invoke Section 1983 in his initial pleading, and instead seeks to challenge his pre-trial detention via petitions for a writ of habeas corpus and/or mandamus. Docs. 4, 5

But, because Petitioner has not shown that this is one of the rare circumstances in which a federal court may interfere with an ongoing state prosecution, this Court is not the appropriate forum for his claims.

Across his four filings, Petitioner asserts that he is being held without bail while he awaits trial on state charges; that he has been precluded from seeking a bond due to a mental health hold; that he has not been permitted to appear in court to challenge his detention and the charges against him; and that he has been deprived of paper and other materials while in jail, impairing his ability to communicate about his case. *See* Docs. 1, 4, 5, 6. Liberally construed, Petitioner claims that these circumstances violate his constitutional rights to due process.

A state defendant's claim that his pretrial detention violates the Constitution is properly brought as a habeas corpus petition pursuant to 28 U.S.C. § 2241. *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003). However, "a district court may not grant a § 2241 petition unless the petitioner has exhausted all available state remedies." *Johnson v. Florida*, 32 F.4th 1092, 1095–96 (11th Cir. 2022) (quotation omitted). Exhaustion in the section 2241

context requires that the defendant first present the same federal claim on which his habeas petition relies in state court, and that he seek review of that claim by "the state's highest court" before filing a federal habeas petition. *Id.* at 1096.

Here, Petitioner has not shown or suggested that he has exhausted his constitutional challenge at the state level. Although he states that he has not been allowed to physically attend pretrial hearings in the trial court, *see* Doc. 1 p. 1, Petitioner does not state that he has challenged the exclusion to a higher state court via interlocutory appeal, state habeas petition, or any other means. Petitioner has thus not satisfied the exhaustion requirement of 28 U.S.C. § 2241.

Additionally, even if the exhaustion requirement did not bar Petitioner's claims, the *Younger* abstention doctrine suggests that the Court should decline to adjudicate any federal claims related to Petitioner's ongoing state-level criminal case. Under the *Younger* abstention doctrine, "based on principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings where the state court conviction and/or sentence is not yet final." *Johnson*, 32 F.4th at 1099 (citing *Younger v. Harris*, 401 U.S. 37, 43-45). "There are three narrow exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the

constitutional issues can be raised." *Id.* It is the plaintiff's or petitioner's burden to show that an exception to the *Younger* doctrine applies. *Leonard v. Alabama State Bd. of Pharm.*, 61 F.4th 902, 911 (11th Cir. 2023).

Here, Petitioner's state prosecution is ongoing, and Petitioner has not shown that any of the exceptions to *Younger* abstention applies. There is no showing that the state proceedings against him are motivated by bad faith. Petitioner has not demonstrated any irreparable harm (as the direct consequences of an ongoing criminal prosecution are generally not considered irreparable in this context). *See Younger*, 401 U.S. at 46 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term."). Nor has Petitioner demonstrated the absence of an adequate state forum for these federal claims. *See Leonard*, 61 F. 4th at 908 ("When the plaintiff has not attempted to present their federal claims in related state-court proceedings, a federal court should assume that the state proceedings are adequate, except upon unambiguous authority to the contrary.") (cleaned up).

For these reasons, it appears improper for the Court to hear Petitioner's claims at this time.

Accordingly, I RESPECTFULLY RECOMMEND that the District Court:

1) Deny Petitioner's Motion for Relief from Judgment (Doc. 4);

2)  Deny Petitioner's Motion to Reopen the Case (Doc. 5); and

3)  Deny Petitioner's Motion to Proceed in Forma Pauperis (Doc. 6).

SUBMITTED to the District Court in Tampa, Florida, on April 15, 2026.

NATALIE HIRT ADAMS
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.